UNITED STATES of America,
Appellant,

v.

Gary DeWitt ODOM, Appellee.

No. 81–5165.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 8, 1982.

Decided March 18, 1982.

Certiorari Denied June 14, 1982.
See 102 S.Ct. 2946.

Barbara S. Sale, Asst. U.S. Atty., Baltimore, Md. (J. Frederick Motz, U.S. Atty., Baltimore, Md., on brief), for appellant.

Francis X. Walsh, Jr., Baltimore, Md., for appellee.

Before HAYNSWORTH, Senior Circuit Judge, and BUTZNER and SPROUSE, Circuit Judges.

BUTZNER, Circuit Judge:

The United States appeals an order of the district court dismissing with prejudice an indictment charging Gary DeWitt Odom with robbery. The district court concluded

that dismissal was required by Article IV(c) of the Interstate Agreement on Detainers, 18 U.S.C.Appx., which provides:

> In respect of any proceeding made possible by this article, trial shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving State, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Article V(c) directs the court to dismiss the indictment with prejudice if the prisoner is not brought to trial within 120 days as specified in Article IV(c). Because we believe that the district court properly granted a continuance that rescheduled the trial beyond the Act's 120 day limitation, we vacate the order of dismissal and remand with directions to reinstate the indictment.

## I

While in the custody of Kentucky, Odom was indicted in the District of Maryland, and a detainer was lodged against him. On January 15, 1981, he was delivered to federal officials in Maryland. At his arraignment, trial was set for March 2, 1981.

On February 4, 1981, Odom's attorney filed a motion to suppress certain evidence and a notice of a defense based on Odom's mental condition. Both prior to and at a pretrial conference held in chambers on February 18, 1981, Odom's attorney requested the court to continue the March trial because Odom's psychiatric evaluations had not been completed.[1] The court approved the request at the pretrial conference and with consent of both counsel rescheduled the trial for May 18. Immediately after the conference, counsel for Odom

and the United States jointly prepared a formal motion for continuance and exclusion under the Speedy Trial Act, 18 U.S.C. §§ 3161-74. Although signed only by the government's attorney, the motion recites that both counsel requested a continuance until May 18, 1981. As grounds for a continuance, it set forth defense counsel's need to obtain additional information about Odom's mental condition and the need for additional time to dispose of pretrial motions. Later, in a formal order, the court found merit in the grounds asserted by counsel and continued the trial until May 18, three days beyond the 120 day limit specified by the Detainer Act.

The court found that both counsel were concerned about the provisions of the Speedy Trial Act and that neither considered the provisions of the Detainer Act when they made their joint motion. It is also clear that the court did not consider the Detainer Act.

In April Odom's attorney realized the implications of the Detainer Act and advised Odom of a possible defense because the trial date had been moved beyond the 120 day limitation prescribed by the Act. Nevertheless, Odom later agreed to a plea bargain, and his rearraignment was scheduled for May 18. On that day, however, Odom withdrew from the bargain and asked for the appointment of another attorney. The court granted this request, and on Odom's motion the trial was again continued so his new counsel could prepare his defense.[2]

Odom's new counsel moved to dismiss the indictment with prejudice on the ground that the first continuance illegally rescheduled the trial beyond the Detainer Act's 120 day limitation because the proceedings had not been conducted in open court and there

---

**1.** On February 10, Odom's counsel sent a letter to the trial judge, with a copy to Odom, stating in part:

> It is my opinion that the psychiatric and psychological evaluations will not be completed for at least four to six weeks. The reason for this delay is that I am in the process of obtaining hospital records and other records directly relevant to the evaluations. My doctors inform me that they would prefer not to begin the evaluation

process until they have had an opportunity to review those records.

> I am, therefore, planning to request at the pretrial conference on February 18, 1981, that the trial date in this case be indefinitely postponed or in the alternative that a date be set at the pretrial conference.

**2.** This continuance complied with both the Speedy Trial Act and the Detainer Act.

was no good cause for the delay. Although the district court held that there was good cause for delay, it granted this motion for two reasons. The court acknowledged that the continuance had not been granted in open court. It also held that Odom could not have knowingly waived his right to be tried within 120 days inasmuch as he was unaware of the provisions of the Detainer Act when the continuance was granted.

The government correctly concedes that the Detainer Act applies to this case. *See United States v. Mauro,* 436 U.S. 340, 361–64, 98 S.Ct. 1834, 1847–49, 56 L.Ed.2d 329 (1978). It contends, however, that Odom was not prejudiced by the failure of the court to grant the continuance in open court and that he waived the requirement that he be tried in 120 days.

## II

■ We believe that three independent reasons justify reinstatement of the indictment. First, we conclude that Odom waived his right to be tried within 120 days. The Detainer Act "has appropriately been characterized as a statutory right to speedy trial." *Bush v. Muncy,* 659 F.2d 402, 407 n.2 (4th Cir. 1981). Failure to try a defendant within 120 days as prescribed by Article IV(c) does not deprive the court of jurisdiction. *See United States v. Palmer,* 574 F.2d 164, 167 (3d Cir. 1978). Consequently, courts uniformly have held that a defendant may waive the limitations imposed by the Act. *See, e.g., United States v. Black,* 609 F.2d 1330, 1334 (9th Cir. 1979); *United States v. Eaddy,* 595 F.2d 341, 344 (6th Cir. 1979); *Camp v. United States,* 587 F.2d 397, 399–400 (8th Cir. 1978).

Waiver has been found where, as here, the defendant was unaware of the Act's provision for a speedy trial. In *Schneckloth v. Bustamonte,* 412 U.S. 218, 237, 93 S.Ct. 2041, 2052, 36 L.Ed.2d 854 (1973), the Court

observed: "Almost without exception, the requirement of a knowing and intelligent waiver has been applied only to those rights which the Constitution guarantees to a criminal defendant in order to preserve a fair trial." [3] Relying on *Schneckloth,* courts have reasoned that because the Detainer Act's guarantees are of statutory rather than constitutional proportions, a defendant need not know of the Act to effectively waive its provisions. *See, e.g., Black,* 609 F.2d at 1334; *Camp,* 587 F.2d at 400. Waiver is shown under these circumstances by proof that the defendant has affirmatively requested "to be treated in a manner contrary to the procedures prescribed by Article IV(c)." *Eaddy,* 595 F.2d at 344. The same result has been reached by holding that a defendant is estopped from invoking the Act when he has requested a procedure inconsistent with its provisions. *United States v. Scallion,* 548 F.2d 1168, 1170 (5th Cir. 1977).

■ Applying these principles, we conclude that Odom waived his statutory right to be brought to trial in 120 days. He was aware that his counsel would seek a continuance. The consequent delay was for good cause and, indeed, in Odom's best interest. Moreover, even after Odom was told of the Act's limitation, he undertook a course of action inconsistent with the Act by bargaining for a plea.

## III

We also conclude that the district court did not infringe the rights afforded Odom by Article IV(c) when it granted the continuance to May 18. There can be no doubt that the continuance was granted for good cause in the presence of Odom's counsel.[4] The only other requirement of Article IV(c) dealing with continuances is that the proceedings be conducted in open court.

---

3. *Schneckloth,* 412 U.S. at 237, 93 S.Ct. at 2052, recognizes that a knowing and intelligent waiver is required when the sixth amendment's guarantee of a speedy trial is applicable. In this case, however, no claim is, or could be, made that Odom's constitutional right to a speedy trial was violated. *See Barker v. Win-*

go, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

4. Article IV(c) does not require the presence of the defendant. Presence of his counsel is sufficient.

We reject the formalistic notion that the phrase "in open court" should be interpreted to mean only in a courtroom. In *United States v. Ford*, 550 F.2d 732, 743 n.30 (2d Cir. 1977), *aff'd sub nom., United States v. Mauro*, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978), the court observed that the provision pertaining to open court was intended "to prohibit *ex parte* and *sua sponte* continuances." Amplifying this conclusion, the court wrote: "[U]nless the defendant is given an opportunity to participate, his speedy trial rights may be whittled away in the non-adversary context of ex parte communications between the government and the court." 550 F.2d at 743.

■ Although the pretrial conference was conducted in the district court's chambers and the judge signed the formal order of continuance there, the salutary purpose of the Detainer Act was satisfied. This was no ex parte or sua sponte continuance.

Odom relies on *Stroble v. Anderson*, 587 F.2d 830, 839 (6th Cir. 1978), where the court concluded that the term "in open court" as used in Article IV(c) of the Detainer Act meant "a judge on the bench." *Stroble*, however, dealt with continuances granted by the clerk of the court and ultimately approved by a judge in the absence of defense counsel. The court had no occasion to decide whether the "open court" requirement is satisfied where a continuance is granted by a judge in chambers following adversarial proceedings attended by the defendant's counsel. Because of the different factual context of *Stroble*, we conclude that it does not counsel dismissal of the indictment in Odom's case.

Addressing the question that was not presented in *Stroble*, we conclude that whether the judge presides in a courtroom or in chambers is immaterial if the defendant is represented by counsel. Consequently, we hold that the court complied with the provisions of Article IV(c), and for this additional reason the indictment should be reinstated.

## IV

Finally, we believe that this case presents an appropriate instance for application of the principle that related statutes having the same purpose should be construed together. *See United States v. Stewart*, 311 U.S. 60, 64, 61 S.Ct. 102, 105, 85 L.Ed. 40 (1940); 2A Sutherland, Statutes and Statutory Construction § 51.02–03 (4th ed. 1973). The Detainer Act and the Speedy Trial Act deal with the same subject matter. Both were enacted to serve the best interest of the public and the defendant by requiring the prompt disposition of criminal charges. Both provide for detaining a defendant imprisoned in another jurisdiction and require his prompt transfer and trial. Both contain statutory limitations on the time that may elapse before a defendant is brought to trial. Both permit extensions of this time. Both impose the sanction of dismissal of the charges when their limitations are transgressed.

■ Whenever possible, the interpretation of the Acts should not be discordant. Specifically, with reference to the facts of this case, we note that the applicable provisions of the Speedy Trial Act are 18 U.S.C. §§ 3161(h)(1)(A) and (F), which, respectively, exclude delay resulting from proceedings to determine mental competency and the disposition of pretrial motions. Additionally, § 3161(h)(8)(A) excludes delay resulting from a continuance based on a judge's findings "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." This is similar to the provision of Article IV(c) in the Detainer Act which allows a continuance only "for good cause." Indeed, delay that is lawful under the Speedy Trial Act generally will comply with the mandate of the Detainer Act.

■ When represented in proceedings at which a judicial officer[5] grants a delay, lawful under the Speedy Trial Act, a defendant may not assert that compliance with that Act infringes his rights under the Detainer Act, unless he raises an objection

5. The terms "judge" and "judicial officer" are defined in 18 U.S.C. § 3172(1).

based on the Detainer Act. If the defendant interposes such an objection, the court should then determine and record whether the good cause requirement for a continuance under Article IV(c) of the Detainer Act is also satisfied.

When Odom ultimately invoked the Detainer Act, the district court properly ruled that the continuance granted under the Speedy Trial Act also met the good cause criterion of Article IV(c) of the Detainer Act. We therefore conclude that harmonious interpretation of these Acts furnishes a third reason for reinstating the indictment.

The judgment of the district court is vacated, and the case is remanded for reinstatement of the indictment.