[Cite as *State v. Conyer*, 2017-Ohio-9046.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 16 MA 0021 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| MAURICE CONYER, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Application to Reopen Appeal
                                 App.R. 26(B)

JUDGMENT:                        Affirmed.

APPEARANCES:

For Plaintiff-Appellee:          Atty. Paul J. Gains
                                 Mahoning County Prosecutor
                                 Atty. Ralph M. Rivera
                                 Assistant Prosecuting Attorney
                                 21 West Boardman Street, 6th Floor
                                 Youngstown, Ohio  44503

For Defendant-Appellant:         Maurice Conyer, *pro se*
                                 #692-629
                                 Grafton Correctional Institute
                                 2500 S. Avon Belden Road
                                 Grafton, Ohio  44044

JUDGES:
Hon. Carol Ann Robb
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                                 Dated:  December 12, 2017

PER CURIAM.

{¶1} A jury convicted Petitioner Maurice Conyer of two counts of felonious assault and attendant firearm specifications. Conyer appealed and this court affirmed the convictions. *State v. Conyer*, 7th Dist. No. 16 MA 0021, 2017-Ohio-7506. Conyer has filed a timely App.R. 26(B) motion to reopen his appeal asserting ineffective assistance of appellate counsel. For the reasons expressed below, the application is denied.

{¶2} Under App.R. 26(B), "[a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." The application is required to be filed within 90 days of the journalization of the appellate court decision. App.R. 26(B)(1).

{¶3} Our decision in *State v. Conyer* was journalized on August 28, 2017. Conyer's application for reopening was filed October 26, 2017. Accordingly, the application is timely.

{¶4} App.R. 26(B) further states to present the claim, the applicant must state "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation." App.R. 26(B)(2)(c). Applicant must also present "[a] sworn statement of the basis for the claim * * * [describing] the manner in which the deficiency prejudicially affected the outcome of the appeal." App.R. 26(B)(2)(d). Conyer complied with these procedural requirements and raises five assignments of error.

{¶5} In reviewing the application, we are required to grant the application "if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). This review requires application of the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996). In the context of reopening, "[i]n order to show

ineffective assistance, appellant 'must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal.'" *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 11. Conyer has the burden of demonstrating a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of appellate counsel. *Id.* at ¶ 11.

**{¶6}** With those standards in mind, we will now consider each of Conyer's assignments of error. For ease of discussion, the third assignment of error is addressed last.

<u>First Assignment of Error</u>

"The Appellant was denied his due process right to a fair trial when the prosecution failed to disclose evidence favorable to an accused upon request."

**{¶7}** Conyer argues appellate counsel failed to argue in the initial appeal that the prosecutor failed to disclose favorable evidence which would have been used to impeach the state's witnesses Sharron Winphrie and Shayla Blair. Conyer is asserting a *Brady* violation.

**{¶8}** "Due process requires that the prosecution provide defendants with any evidence that is favorable to them whenever that evidence is material either to their guilt or punishment." *State v. Brown*, 115 Ohio St.3d 55, 2007–Ohio–4837, 873 N.E.2d 858, ¶ 39, citing *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194 (1963). "Evidence is considered material when 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Brown* at ¶ 39, quoting *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375 (1985).

**{¶9}** On May 21, 2015, the state filed a witness list. In addition to other witnesses, Sharron Winphrie and Shayla Blair were listed. 5/21/15 Witness List. Under Sharron Winphrie's names it stated, "Criminal History available for review upon request." Under Shayla Blair's name it stated, "No known Criminal History." The record contains no other information regarding those two witnesses' criminal

history.  Consequently, as to Shayla Blair, there is no violation because there was no known criminal history.

**{¶10}** As to Sharron Winphrie, given the witness list, it appears she did have a criminal history.  The record is devoid of any information as to what crimes/adjudications are in her criminal history.  Furthermore, the record before us does not indicate the state failed to provide this information to Conyer and his counsel.  That said, Winphrie's criminal history was not raised during her testimony.  That failure, however, does not necessarily mean the state failed to disclose her criminal history.  There could be multiple reasons why it was not brought to the attention of the jury.  One could be that her criminal history was disclosed to the defense but it was inadmissible under Evid.R. 609.  Another reason could be that it was never disclosed to Conyer.

**{¶11}** Even if we could assume Winphrie's criminal history was not disclosed to the defense and amounted to a *Brady* violation, any error is harmless.  "'A constitutional error can be held harmless if we determine that it was harmless beyond a reasonable doubt.'" *State v. Campbell*, 4th Dist. No. 13CA969, 2014-Ohio-3860, ¶ 18 (Alternatively holding that even assuming the state's nondisclosure of the alleged *Brady* evidence was improper, that alleged constitutional error is harmless beyond a reasonable doubt) quoting *State v. Maxwell*, 139 Ohio St.3d 12, 2014–Ohio–1019, 9 N.E.3d 930, ¶ 123.  In this case, there was overwhelming evidence of guilt.  There was an admissible anonymous 911 call.  The caller stated shots were fired from a moving car, specifically a red Impala with the license plate number REECE01 and the driver was a black male.  State's Exhibit 1.  The police investigating the shooting discovered Conyer owned a red Chevy Impala with that license plate number.  Tr. 143.  Shayla Blair testified Conyer drove a red Impala and shot at the car she and Winphrie occupied.  Tr. 176, 177, 181.

**{¶12}** For those reasons this assignment of error fails.  There is no probability that a *Brady* argument would have had any success in the initial appeal.  Therefore, appellate counsel was not ineffective for failing to argue this meritless argument.

<u>Second Assignment of Error</u>

"Appellant rights to a speedy trial was violated under the United States Constitution, Sixth Amendment; The Ohio Constitution, Section 10; and the O.R.C. § 2945.71(C)(2)."

**{¶13}** Conyer argues appellate counsel should have raised a speedy trial assignment of error in the initial appeal. He makes two separate arguments in this assignment of error. His first argument is his statutory R.C. 2945.71 et seq. speedy trial rights were violated. He contends he was entitled to the triple count provision. The second argument is based on the Interstate Agreement on Detainers (IAD), R.C. 2963.30. He contends his rights under that statute were violated because he was not brought to trial within 120 days.

**{¶14}** At the trial court level Conyer and his counsel asserted his R.C. 2945.71 et seq. speedy trial violations numerous times. Conyer filed the June 3, 2015 writ of habeas corpus asserting his speedy trial rights were violated. On July 22, 2015 counsel filed a motion to dismiss arguing Conyer's speedy trial rights were violated. Both of those were overruled. 8/19/15 J.E.; 9/9/15 J.E. Conyer then filed two more pro se motions to dismiss on the basis of speedy trial violations. 10/14/15 and 10/20/15 Motions. In all of the pro se motions Conyer asserted he was entitled to the triple count provision. The trial court found no merit with the arguments.

**{¶15}** The trial court clearly and concisely explained why the triple count provision and Conyer's speedy trial rights were not violated in its December 15, 2015 judgment entry denying the October 2015 Motions to Dismiss:

> The Defendant was in fact held in Mahoning County Justice Center beginning on October 9, 2014, but that hold was in relation to his federal charge, and not the instant case. Therefore, as this Court previously ruled on September 8, 2015, the Defendant is not entitled to the three for one provision in R.C. Section 2945.71, and the State would have two hundred seventy (270) days to bring the Defendant to trial, unless other tolling events would extend that time.

This Court calculates the Defendant's speedy trial as follows:

Date of arrest for this Indictment:          October 31, 2014

October 31, 2014-March 31, 2015          152 days

April 1, 2015-June 1, 2015                      Federal Custody

June 1, 2015-September 19, 2015          270 days

As a result, if there were no tolling events, the Defendant would have to be brought to trial by September 19, 2015.

In the instant case, a Judgment Entry was filed on December 13, 2014, reflecting that the Defendant orally moved to continue the December 15, 2014 Jury Trial. The matter was reset to June 1, 2015, which was within Defendant's right to a speedy trial. A Judgment Entry reflecting the Defendant's request to reschedule the jury trial was sustained.

On June 3, 2015, the Defendant filed a Writ of Habeas Corpus alleging a violation of speedy trial rights. On that same date, Attorney James Gentile was released as Counsel at the request of the Defendant, and Attorney Thomas Zena was appointed to represent him. On July 22, 2015, a Motion to Dismiss was filed by the Defendant, and by agreement of the parties, a Hearing on the Motion to Dismiss was scheduled for September 8, 2015. The Motion to Dismiss was overruled, and the matter was set for Jury Trial on September 21, 2015. Upon request of Defendant, that jury trial was continued, and a Status Hearing was scheduled for October 20, 2015. On October 14, 2015, the Defendant filed a supplemental Motion to Dismiss. All of these events outlined toll the speedy trial provision contained in R.C. Section 2945.71. The fact that the Defendant did not authorize Attorney Gentile to file any motions on his behalf, or that he was unaware of his federal sentence does not affect this ruling.

12/15/15 J.E.

{¶16} The record reflects the statements in this judgment are accurate. The law is clear; Conyer was being held for a federal detainer, and therefore, the triple count provision did not apply. *State v. Brown*, 64 Ohio St.3d 476, 479, 597 N.E.2d 97 (1992). Furthermore, the motions filed by Conyer tolled the speedy trial time. R.C. 2945.72.

{¶17} Thus, as the trial court found, there was no R.C. 2945.71 et seq. speedy trial violation. There is no probability that a R.C. 2945.71 et seq. speedy trial argument would have had any success in the initial appeal. Appellate counsel was not ineffective for failing to argue this meritless argument in the initial appeal.

{¶18} Conyer's second argument is based on the IAD as set forth in R.C. 2963.30. Article II(a) defines "state" to include the U.S. government. Therefore, since Conyer was convicted in the federal system, but still had a pending Ohio case in Mahoning County, the dictates of the IAD were applicable to Conyer. Thus, depending on who invoked the IAD, Conyer was required to be brought to trial within either a 120 day or 180 day time period.

{¶19} Conyer, however, did not argue to the trial court that his speedy trial rights under the IAD were violated. Conyer only argued his R.C. 2945.71 et seq. speedy trial rights were violated. Thus, the IAD issue would have been determined to be meritless if raised in the initial appeal because it was not raised to the trial court. *See State v. Berry*, 10th Dist. No. 97AP–964, 1999 WL 437217 (June 29, 1999) (noting "[a] defendant must assert the issue of denial of a speedy trial at or prior to the commencement of trial or the issue is waived on appeal"); *State v. Turner*, 168 Ohio App.3d 176, 2006-Ohio-3786, 858 N.E.2d 1249, ¶ 21 (5th Dist.) (noting "an appellant cannot raise a speedy trial issue for the first time on appeal").

{¶20} That said, even if the argument was not waived, it still fails. In the case at hand, the state requested Conyer's return to Ohio so it could try him for the felonious assault charges and attendant firearm specifications. R.C. 2963.30 states:

> (a) The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a

term of imprisonment in any party state made available in accordance with Article V (a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated * * *.

* * *

(c) In respect of any proceeding made possible by this Article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

R.C. 2963.30 Article IV.

**{¶21}** Therefore, the state had 120 days to bring Conyer to trial after his return to Ohio. The record indicates Conyer was returned to Ohio on June 1, 2015. One hundred twenty days from that date is September 28, 2015. Conyer was not tried until February 1, 2016. However, a majority of the time from June 1, 2015 until the trial court's ruling on Conyer's October motions to dismiss, based on speedy trial violations, is attributable to Conyer. It has been explained, "IAD speedy-trial time tolls in the same manner as time tolls under the Federal Speedy Trial Act, 18 U.S.C. 3161." *State v. Coon*, 8th Dist. No. 97280, 2012-Ohio-1057, ¶ 20, citing *United States v. Collins*, 90 F.3d 1420, 1426–1427 (9th Cir.1996), *United States v. Cephas*, 937 F.2d 816, 819 (2d Cir.1991), *United States v. Odom*, 674 F.2d 228, 231 (4th Cir.1982), *United States v. Robinson*, 290 F.Supp.2d 808, 817 (E.D.Mich.2003). "Like the IAD, speedy trial statutes are to be strictly construed against the State." *Coon* citing *State v. Miller*, 113 Ohio App.3d 606, 681 N.E.2d 970 (11th Dist.1996).

**{¶22}** Under the Federal Speedy Trial Act the delay resulting "from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" and continuances requested by the accused would be excluded from the computation of the speedy trial time. 18 U.S.C. 3161(h). As referenced in the trial court's ruling on the R.C. 2945.71 et seq. speedy

trial motions to dismiss, Conyer filed multiple motions and a few requests for continuances. Strictly construing the time limits against the state, from June 1, 2015 (date of return to Ohio) to December 15, 2015 (the date Conyer's speedy trial motions were resolved), the majority of the time was tolled because of Conyer's motions and requests for continuances. At most, only 39 days of the IAD speedy trial time elapsed from June 1, 2015 to December 15, 2015. Following the December 15, 2015 judgment, 47 days elapsed until Conyer was brought to trial. Consequently, Conyer was tried within the 120 day time period; only 86 days of 120 day IAD speedy trial time period elapsed.

**{¶23}** Therefore, there is no probability an IAD speedy trial argument would have had any success in the initial appeal. Appellate counsel was not ineffective for failing to bring a meritless argument.

**{¶24}** For the above reasons this assignment of error lacks merit.

<u>Fourth Assignment of Error</u>

"Appellant's Fourteenth Amendment to the equal protection clause was violated due to appeal's counsel ineffectiveness for not appealing the error on use of Peremptory Challenges to exclude persons from the petit jury based on their race or gender."

**{¶25}** Conyer challenges the state's use of a peremptory challenge to remove potential juror number six. He contends the state offered no factual basis for removal of this potential juror. He asserts the matter should be remanded for an evidentiary hearing to determine if there was a race-neutral explanation.

**{¶26}** The defendant has the burden to prove the state racially discriminated in the use of a peremptory challenge. *Batson v. Kentucky*, 476 U.S. 79, 93, 106 S.Ct. 1712 (1986). The evaluation of a *Batson* claim involves three components: (1) the defendant sets forth a prima facie case of racial discrimination; (2) the state is then mandated to set forth a race-neutral reason for the exercise of the peremptory challenge; and (3) the trial court must decide whether the prosecutor purposefully discriminated. *See id.* at 97–98.

**{¶27}** The state used a preemptory challenge to remove prospective juror number six from the jury. Tr. 85. At a sidebar, defense counsel objected to the removal of prospective juror number six. Tr. 86. Defense counsel indicated prospective juror number six is a minority juror and there was only one other minority seated on the jury. Tr. 87. Counsel indicated Conyer is entitled to a jury of his peers, and the state should be required to give a race-neutral reason for the removal. Tr. 87. Thus, the first component was met.

**{¶28}** Under the second component of *Batson*, the state must provide a racially neutral explanation for the challenge, and the court "assum[es] the proffered reasons for the peremptory challenges are true." *Hernandez v. New York*, 500 U.S. 352, 359, 111 S.Ct. 1859 (1991). A race-neutral explanation for a peremptory challenge is simply "an explanation based on something other than the race of the juror." *Id.* at 360. The state's explanation need not be "persuasive, or even plausible" as long as the reason is not inherently discriminatory. *Rice v. Collins*, 546 U.S. 333, 338, 126 S.Ct. 969 (2006). In fact, the state's reason can be silly or superstitious as long as it is not race-related; an evaluation of the persuasiveness of the explanation does not arise until the third step. *Purkett v. Elem*, 514 U.S. 765, 768–769, 115 S.Ct. 1769 (1995). "Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." *Id.* at 768.

**{¶29}** In response to Conyer's prima facie case of racial discrimination, the state asserted that during voir dire, this prospective juror stated none of her kids told a lie, her kids were the same age range as Conyer, and she lived on the east side where Conyer was arrested. Tr. 87-88. The state then added, "So although she didn't claim to know anything about the defendant or his name, we thought it [sic] be safer than sorry so we excused her for those reasons." Tr. 88. This explanation constitutes a race-neutral explanation.

**{¶30}** Therefore, we move to the third *Batson* component - whether the prosecutor purposefully discriminated. The trial court is required to view all the circumstances and determine whether there was purposeful discrimination, i.e., whether the explanation was merely pretextual. *Batson*, 476 U.S. at 98. Although

this step entails evaluating the persuasiveness or genuineness of the state's explanation, the burden of persuasion regarding racial motivation remains on the defendant. *Collins*, 546 U.S. at 338; *State v. Gowdy*, 88 Ohio St.3d 387, 393, 727 N.E.2d 579 (2000).

**{¶31}** After hearing the state's reasoning, the trial court overruled Conyer's objection to the state's use of a peremptory challenge to remove prospective juror number 6. Tr. 88. The trial court provided the following explanation for its decision:

> Counsel, the only thing I believe I neglected to do as it relates to the *Batson* challenge was specifically indicate, and again counsel is aware that the explanation given by the party opposing the peremptory challenge – actually the party who exercises the peremptory challenge need not give a persuasive or even plausible explanation, but it has to be more than a mere affirmation of a good faith or assumption that the challenged juror would be partial to the defendant. So with that the Court then must determine whether the explanation is based – facially race neutral and whether the opponent of the peremptory challenge has proven purposeful racial discrimination. And although I did not specifically state that in chambers, I do find that it was, the explanation, facially race neutral and that the defendant has not proven purposeful racial discrimination.

Tr. 104-105.

**{¶32}** In reviewing this decision we must defer to the trial court's credibility determination. *State v. Bryan*, 101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433, ¶ 110. This is because the "trial court is best situated to evaluate both the words and the demeanor of jurors who are peremptorily challenged, as well as the credibility of the prosecutor who exercised those strikes." *Davis v. Ayala*, __ U.S. ___, 135 S.Ct. 2187, 2201 (2015). "Appellate judges cannot on the basis of a cold record easily second-guess a trial judge's decision about likely motivation." *Id.* quoting *Collins*, 546 U.S. at 343 (Breyer, J., concurring). We will not reverse a trial court's decision on

intentional discrimination unless the court was clearly erroneous in accepting the state's explanation as genuine (as opposed to pretextual). *See Davis*, 135 S.Ct. at 2199; *State v. Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263, ¶ 64.

{¶33} In this instance, we defer to the decision of the trial court. Prospective juror number six was asked if she ever had to decide when her children were growing if they were telling her the truth. Tr. 33. The juror responded no because they did not lie to her. Tr. 33. The court then asked the prospective juror how did she know they were not lying to her and if it was by listening to what they said. Tr. 33. She indicated she did listen to what they said. Tr. 34. The prosecutor then asked what tools she used when listening to her children to determine if they were being truthful. Tr. 34. The prospective juror responded she just told them do not lie because they would get caught. Tr. 34. The prosecutor then moved on to other prospective jurors to find out how they determined if someone was lying to them. Tr. 34-35. The prosecutor's reasoning for this line of questioning was to indicate to the jurors that when they are determining whether a witness is telling the truth they can use the same tools they use in everyday life for determining if a person is truthful. Such as a person's demeanor, voice inflection, body language, and eye movement. Prospective juror number six's responses to the questions gave the impression she did not employ these tools because allegedly her children never lied to her. Given our standard of review and the prospective juror's responses to the questions, we cannot find the state's reason was pretext. There was no *Batson* violation in this case.

{¶34} As such, there is no probability a *Batson* argument would have had any success in the initial appeal. Appellate counsel was not ineffective for failing to bring a meritless argument. This assignment of error lacks merit.

### Fifth Assignment of Error

"Appellant appeals counsel failed to argue trial counsel ignorant and ineffective assistance violated the Fifth, Sixth and Fourteenth Amendments of the United States Constitution for Maurice Conyer."

**{¶35}** Conyer asserts appellate counsel should have argued trial counsel was ineffective in the initial appeal. His argument is based on the allegation that trial counsel told him he filed a motion to dismiss and argued the motion to dismiss. Conyer contends trial counsel never filed a motion and did not argue the motion. He contends he filed his motions pro se. He further asserts letters from counsel to him demonstrate counsel was ineffective.

**{¶36}** A claim of ineffective assistance of counsel is reviewed under a two-part test, which requires the defendant to demonstrate: (1) trial counsel's performance fell below an objective standard of reasonable representation; and (2) prejudice arose from the deficient performance. *State v. Bradley*, 42 Ohio St.3d 136, 141–143, 538 N.E.2d 373 (1989), citing *Strickland*, 466 U.S. 668. In evaluating the alleged deficiency in performance, our review is highly deferential to counsel's decision as there is a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance. *Bradley* at 142–143, citing *Strickland* at 689. To show prejudice, a defendant must prove his lawyer's errors were so serious that there is a reasonable probability the result of the proceedings would have been different. *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995). Both deficient performance and prejudice must be established; if the performance was not deficient, then there is no need to review for prejudice and vice versa. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).

**{¶37}** Despite Conyer's insistence, the record indicates trial counsel did file a motion to dismiss. This motion was filed by trial counsel on July 22, 2015, and the reasoning for the requested dismissal was a violation of speedy trial rights as enumerated in R.C. 2945.71 et seq. 7/22/15 Motion. Furthermore, the trial court's judgment entry overruling the motion indicates trial counsel was present at the September 8, 2015 hearing where the motion was argued. 9/9/15 J.E. Admittedly, Conyer filed multiple pro se motions. However, the record indicates counsel did file motions and was present at the hearing on motions. Therefore, Conyer's allegation that trial counsel did not file any motions and was ineffective is not supported by the record.

**{¶38}** Moreover, in reviewing the entire file for the direct appeal and this application to reopen, it is noted trial counsel made strong arguments for reversal, including the argument that the 911 call should not be admitted and that a continuance was needed if the call was going to be admitted. Both of those arguments were addressed in the direct appeal. *Conyer*, 2017-Ohio-7506 at ¶ 11-34. Although we found the trial court did not err in admitting the 911 call, that does not negate the effectiveness of trial counsel in asserting the arguments. Furthermore, as we noted in our initial decision, the trial court was willing to grant a continuance so counsel could further investigate the anonymous 911 call. *Id.* at ¶ 25, ¶ 30-33. However, Conyer stated he did not want a continuance and did not listen to the advice of his counsel. *Id.* As such, as to that matter, trial counsel was not ineffective.

**{¶39}** Furthermore, the letters Conyer references and attaches to his application to reopen are outside the record and do not provide a basis for reopening. *State v. Romanko*, 8th Dist. No. 104158, 2017-Ohio-739, ¶ 25 (Claims of ineffective assistance of trial counsel based on evidence in the record can be raised in the initial appeal. Claims of ineffective assistance of trial counsel based on evidence outside the record are asserted by means of a petition for post conviction relief.); *State v. Hicks*, 8th Dist. No. 83981, 2005-Ohio-1842, ¶ 7 (Matters outside the record do not provide a basis for reopening.).

**{¶40}** Therefore, there is no probability the ineffective assistance of trial counsel arguments raised by Conyer would have had any success in the initial appeal. Appellate counsel was not ineffective for failing to bring a meritless argument.

### Third Assignment of Error

"Appellant was deprived [of] the proper assistance at all critical states and deprived [of] his Sixth and Fourteenth Amendment rights to equal access to justice through counsel."

**{¶41}** This assignment of error sets forth the general argument that appellate counsel was ineffective. Conyer asserts appellate counsel was ineffective because counsel did not raise all the assignments of error he requested. The assignments of

error he wanted raised are the other four assignments of error set forth in the application to reopen.

**{¶42}** Failing to raise every argument an appellant wants raised does not alone render appellate counsel's performance deficient or prejudice the client. "An appellate attorney has wide latitude and the discretion to decide which issues and arguments will prove most useful on appeal. Furthermore, appellate counsel is not required to argue assignments of error that are meritless." *State v. Davis*, 10th Dist. No. 09AP-869, 2011-Ohio-1023, ¶ 8.

**{¶43}** Therefore, merely failing to raise the arguments appellant wanted raised is not enough to constitute ineffective assistance of counsel. This assignment of error is dependent on finding merit with one or more of the other assignments of error. As the other assignments of error have been deemed meritless, this assignment of error is also meritless.

### Conclusion

**{¶44}** All of Conyer's assignments of error have no merit. Accordingly, he has failed to show there is a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal. Conyer's application to reopen the appeal under App.R. 26(B) is denied.

Robb, P.J. concurs.

Waite, J., concurs.

DeGenaro, J., concurs.