*John William Smith, Jr. v. State of Maryland*, No. 1736, Sept. Term, 2024. Opinion by Kehoe, S., J.

**INTERSTATE AGREEMENT ON DETAINERS (IAD) – 180-DAY REQUIREMENT**

Once a prisoner causes written notice of a request for final disposition to be delivered to the prosecuting officer and appropriate court in the receiving state, the receiving state must bring the prisoner to trial within 180 days, unless a continuance is granted "for good cause shown in open court," with the prisoner or counsel present. Corr. Serv. § 8-405(a).

**INTERSTATE AGREEMENT ON DETAINERS (IAD) – MANDATORY DISMISSAL**

Failure to bring a prisoner to trial within the 180-day statutory period, absent a valid continuance compliant with the IAD, requires dismissal of the charges with prejudice. Corr. Serv. § 8-407(c).

**INTERSTATE AGREEMENT ON DETAINERS (IAD) – CONTINUANCES – REQUIREMENTS**

A valid IAD continuance requires: (1) jurisdiction; (2) a proceeding in open court; (3) presence of the defendant or counsel; (4) a showing of good cause made in open court; and (5) a continuance that is necessary or reasonable. The State bears the burden of establishing all five elements.

**INTERSTATE AGREEMENT ON DETAINERS (IAD) – CONTINUANCES – "OPEN COURT" REQUIREMENT**

A continuance granted during an unrecorded, in-chambers scheduling conference is not a continuance granted "in open court" within the meaning of the IAD. The absence of a verbatim record precludes appellate review of whether good cause existed.

**INTERSTATE AGREEMENT ON DETAINERS (IAD) – BURDEN OF THE STATE**

Once the prisoner requests disposition under the IAD, the burden shifts entirely to the State to ensure compliance with statutory deadlines and procedural requirements. Defense counsel has no obligation to remind the State of the IAD's requirements.

**INTERSTATE AGREEMENT ON DETAINERS (IAD) – WAIVER OF RIGHTS – SILENT ACQUIESCENCE INSUFFICIENT**

A defendant may waive IAD time limits by requesting or expressly agreeing to a continuance; however, silent acquiescence or failure to object is insufficient to constitute waiver. The absence of any record reflecting consent to a post-deadline trial date precludes a finding of waiver.

**INTERSTATE AGREEMENT ON DETAINERS (IAD) – WAIVER OF RIGHTS – UNRECORDED SCHEDULING CONFERENCE NOT SUFFICIENT**

The State's assertion that defense counsel "cleared dates" during an unrecorded chambers conference is insufficient to establish waiver, particularly where there are no open court proceedings to indicate consent to exceed the 180-day deadline.

**INTERSTATE AGREEMENT ON DETAINERS (IAD) – APPELLATE REVIEW – LACK OF RECORD**

Where a trial court grants a continuance beyond the IAD deadline without creating a record explaining the basis for good cause in open court, appellate courts cannot perform meaningful review; the absence of such a record requires reversal.

**INTERSTATE AGREEMENT ON DETAINERS (IAD) – VIOLATION – REMEDY**

Because the State failed to comply with the IAD's procedural requirements and did not bring the defendant to trial within the statutory period, dismissal of the charges with prejudice is mandated.

Circuit Court for Washington County
Case No.: C-21-CR-24-000291

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 1736

September Term, 2024

_____

JOHN WILLIAM SMITH, JR.

v.

STATE OF MARYLAND

_____

Reed,
Kehoe, S.,
Eyler, James R.
   (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Kehoe, J.

_____

Filed: April 6, 2026

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

On October 16, 2024, John William Smith, Jr., appellant, filed a motion to dismiss his then pending criminal charges[1] on the basis that the State had not complied with the Interstate Agreement on Detainers (IAD), when the State did not bring him to trial within 180 days of his request that they do so.[2] On October 24, 2024, the circuit court, without holding a hearing, signed an order summarily denying appellant's motion to dismiss.

On October 28, 2024, appellant entered a plea of not guilty on an agreed statement of facts to two counts of third-degree sexual offense. In doing so, he preserved the right to appeal the decision of the trial court to deny his motion to dismiss. The court sentenced appellant to a total of twenty years' imprisonment, with all but ten years suspended, in favor of five years of probation. The court imposed that sentence consecutively to a sentence appellant was then serving in Pennsylvania for similar charges.

Appellant noted a timely appeal and presents us with one question: Did the circuit court err in denying [his] motion to dismiss?

For the reasons stated below, we shall answer that question in the affirmative and we shall therefore reverse the judgment of the circuit court and remand the case with instructions to dismiss appellant's criminal charges with prejudice.

---

[1] Those criminal charges included two counts of sexual abuse of a minor and two counts of third-degree sexual offense.

[2] The IAD is codified in section 8-401, *et. seq*. of the Correctional Services Article ("CS") of the Maryland Code.

## BACKGROUND

*The Interstate Agreement on Detainers*

"The IAD, to which Maryland became a signatory in 1965, is a congressionally sanctioned compact among forty-eight states, the Federal Government, Puerto Rico, the U.S. Virgin Islands, and the District of Columbia." *State v. Pair*, 416 Md. 157, 160 (2010). "The IAD consists of nine articles, 'which, in Maryland, correspond to sections of the Correctional Services Article of the Maryland Code.'" *State v. Meadows*, 261 Md. App. 464, 475 (2024) (quoting *Aleman v. State*, 469 Md. 397, 406–07 (2020)).

Article I of the IAD states, that "it is the policy of the party states and the purpose of this Agreement to encourage the expeditious and orderly disposition" of outstanding criminal charges against a prisoner already being held in another state. CS § 8-403; *Meadows*, 261 Md. App. at 475.

> Articles III and IV of the IAD explain the procedural requirements of the statute. Article III gives a prisoner incarcerated in one State the right to demand the speedy disposition of any untried indictment, information or complaint that is the basis of a detainer lodged against him by another State. Article IV enables a participating State to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges.

*Id.* at 477 (cleaned up).

As we explained in *Meadows*, when the receiving state (in this case, the State of Maryland) lodges a detainer with the warden of the institution where an out-of-state prisoner is currently imprisoned, *i.e.*, "the sending state", the sending state "must inform the defendant of the detainer and of the right to request the final disposition of the charges under the IAD." *Id.* at 477–78. The defendant may then "request a transfer to the receiving

2

state by sending written notice to the prosecuting official in the receiving state." *Id.* at 478.

Once the "'prosecuting officer and the appropriate court'" receive the defendant's "request

for final disposition of all untried charges underlying the detainer," the State "must bring

the defendant to trial within 180 days." *Id.* (quoting CS § 8-405(a)[3]). According to CS 8-

407(c), the failure to do so requires the dismissal of the charges with prejudice. [4]

---

[3] CS § 8-405(a) provides as follows:

(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, the prisoner shall be brought to trial within 180 days after the prisoner shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of the prisoner's imprisonment and the prisoner's request for a final disposition to be made of the indictment, information, or complaint; provided that for good cause shown in open court, the prisoner or the prisoner's counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

[4] CS § 8-407(c) provides as follows:

(c) If the appropriate authority shall refuse or fail to accept temporary custody of the person, or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in § 8-405 or § 8-406 of this subtitle (Article III or IV of the Agreement), the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based on the indictment, information, or complaint shall cease to be of any force or effect.

3

"In limited circumstances, however, the receiving state may obtain an extension of the 180-day time deadline." *Meadows*, 261 Md. App. at 478. For example, CS § 8-405(a) permits a court with jurisdiction to issue a continuance "for good cause shown in open court" so long as the continuance is "necessary or reasonable" and "the prisoner or the prisoner's counsel [is] present." "In that circumstance, a trial date scheduled beyond the 180-day time limit would not require dismissal of the charges." *Meadows*, 261 Md. App. at 478–79 (citations omitted).

If a criminal defendant consents to, or requests, a continuance that carries the case past the 180-day mark, the criminal defendant waives the speedy trial protections afforded by the IAD. *New York v. Hill*, 528 U.S. 110, 118 (2000). On the other hand, merely failing to object to the continuance, does not result in such a waiver. *Meadows*, 261 Md. App. at 489.

*Factual and Procedural Background*

On September 24, 2022, while serving a sentence of incarceration for possession of child pornography and corruption of a minor in Waymart, Pennsylvania, appellant was charged with several sexual offenses in the District Court of Maryland for Washington County. In March 2024, appellant invoked his rights under the IAD, requesting final disposition of the charges within 180 days. The State Correctional Institute – Waymart sent his request by registered mail to the State's Attorney's Office for Washington County and the District Court for Washington County, both of which confirmed receipt on April 17, 2024.

On June 12, 2024, The State charged appellant by criminal information in the Circuit

4

Court for Washington County. On that same day, the State sent a memorandum to the assignment office in the circuit court requesting the court to schedule a trial that would last two to three days. At the bottom of that memorandum read the words "IAD Case – Please set ASAP." On July 10, 2024, following defense counsel's entry of appearance the day before, the circuit court scheduled a jury trial to commence on October 15, 2024.

According to the parties, on August 6, 2024, the prosecutor and defense counsel attended a scheduling conference in the chambers of the Administrative Judge.[5] While there appears to be no record of the conference, the parties tell us that appellant was not present for it. The conference was not transcribed. On August 8, 2024, two days after the scheduling conference, the court issued a scheduling order stating, *inter alia*, the following:

> This case is presently scheduled for a Jury trial on October 15, 2024 at 9:30 a.m., this matter is hereby CONTINUED, with good cause having been found, and shall be rescheduled as referenced below.

> It is ORDERED by the Circuit Court for Washington County that a three-day JURY trial is scheduled for October 28, 2024 through October 30, 2024, beginning at 9:30 a.m.[.]

> The previously scheduled trial date, October 15, 2024, was the last day of the 180-

day period contemplated by the IAD for trial to commence.[6,7] As noted earlier, on October

---

[5] That a scheduling conference took place is not contained in the docket entries of this case. Nevertheless, the parties appear to agree that the scheduling conference took place on August 6, 2024.

[6] As noted earlier, the clock started running on April 17, 2024 when the State received appellant's IAD notification. The 180th day was actually October 14, 2024, but that date fell on Columbus Day, a recognized holiday in Maryland, making the recognized 180th day October 15, 2024. *See* Md. Rule 1-203(a).

[7] In the State's Brief of Appellee, it states that it "agrees with [appellant] that the 180-day IAD trial deadline date was October 24, 2024." In context, we believe this to be a

5

16, 2024, appellant filed a paper titled "Motion to Dismiss with Prejudice" arguing that the IAD's 180-day time limit for trial had expired and dismissal with prejudice was required. He argued that the chambers scheduling conference and subsequent order continuing the trial to October 28, 2024 were performed in violation of the IAD because they were not done "in open court" as contemplated by CS § 8-405(a).

On October 24, 2024, the State filed a paper opposing appellant's motion to dismiss. In that motion, among other things, the State explained how scheduling conferences generally occur in the Administrative Judge's chambers in the Circuit Court for Washington County. In addition, the State's Attorney who prepared the opposition motion explained that she personally recalled that, during the August 6, 2024 scheduling conference, proposed trial dates were cleared for conflicts by counsel for both parties. The State also explained that "[t]here was no objection or other pleading filed indicating any issue with that trial date by either party."

On October 24, 2024, which was the same day that the State filed its opposition to appellant's motion to dismiss, the circuit court signed an order summarily denying appellant's motion without holding a hearing on it.

### DISCUSSION

*Standard of Review*

"The interpretation of a statute, in this instance the IAD, is a question of law which

---

typographical error, and that the State actually agrees that the IAD deadline was October 15, 2024. Obviously, the October 28, 2024 trial in this case occurred beyond either deadline.

we review de novo." *Stanton v. State*, 258 Md. App. 371, 378–79 (2023) (citing *Dejarnette v. State*, 478 Md. 148, 162 (2022)). "Generally, the standard of review of the grant or denial of a motion to dismiss is whether the trial court was legally correct." *Blackstone v. Sharma*, 461 Md. 87, 110 (2018) (internal quotation marks and citations omitted).

*Parties' Contentions*

Appellant contends that, while it is possible to waive the speedy trial right protections in the IAD by seeking, or acquiescing in, a continuance, *New York v. Hill*, 528 U.S. 110, 112–13 (2000), no such waiver can be determined to have occurred in this case, because there is no record of the chambers conference. According to appellant, the most that could be inferred from the State's recollection about what occurred, or did not occur, during the scheduling conference is that, to the extent that appellant's counsel was even aware of the 180-day deadline, appellant's counsel had no scheduling conflicts with the contemplated trial dates. Under that scenario, according to appellant, his case is similar to *Meadows* where this Court determined that remaining silent and/or not objecting to trial dates that extend past the 180-day deadline does not amount to waiver because it is the State's burden to ensure that the deadline is met once appellant has notified the State that he was invoking the provisions of the IAD that required the State to promptly bring him to trial.

The State argues that, by clearing dates during the chambers scheduling conference, appellant waived his right to be tried within the IAD's 180-day period. The State further argues that the IAD's requirement that continuances be made "for good cause shown in open court" does not apply to the circumstances of this case because appellant consented

7

to a trial date beyond the 180-day deadline.

As for the lack of a transcript of the scheduling conference, the State contends that, the absence of a transcript, by itself, does not warrant reversal. Moreover, the State claims that it was appellant's responsibility to attempt to create a record of what occurred during the scheduling conference. The State seems to be asserting that we should adopt what it terms its "uncontradicted account of what occurred [during] the schedul[ing] hearing." The source of that "uncontradicted account" was the State's written opposition to appellant's motion to dismiss. According to the State, appellant did not challenge that account in its reply to the State's opposition.[8]

*Analysis*

"Courts have routinely stressed that the IAD is remedial in nature and should be liberally construed in favor of the prisoner against whom the detainer is lodged." *Pair*, 416 Md. at 177. It is further understood that because the State "controls the only ultimate guarantee of performance for the benefit of the prisoner," "'the burden of compliance with the procedural requirements of the IAD rests upon the party states and their agents.'" *Id.* at 177–78 (quoting *Pittman v. State*, 301 A.2d 509, 513 (Del. 1973)).

As noted in *Meadows*, an inmate seeking to invoke the IAD has "one, and only one burden," that is, "to ask the prison official who has custody over him to prepare and send

---

[8] It is worth noting that appellant filed his reply to the State's opposition to his motion to dismiss the same day, October 24, 2024, as the court signed the order denying the motion to dismiss. It was entered on the docket the next day, as was the court's order. On October 25, 2024, appellant filed a motion for reconsideration of the court's order so that it could have the benefit of his reply before ruling on the motion to dismiss. That same day, the court entered another order denying the motion to dismiss.

the forms to the jurisdiction from which a detainer is lodged against him." *Meadows*, 261 Md. App. at 489 (quotation marks and citation omitted). "'All other duties and responsibilities imposed by the statute fall upon the relevant government actors of the member States.'" *Id.* (quoting *Pitts v. State*, 205 Md. App. 477, 492 (2012)). "Thus, the burden of bringing a defendant to trial within 180 days lies solely with the State." *Id.* In *Meadows* we went as far as to state that "[a] defense lawyer has no obligation to remind the State of its duty to bring the defendant to trial within the statutory deadline," *id.*, and in that vein, we noted that "[i]n fact, one could argue that a defense lawyer has a professional obligation *not* to remind the State of that duty." *Id.* at n.14.

The IAD contains "five distinct requirements for obtaining [] a continuance." *Birdwell v. Skeen*, 983 F.2d 1332, 1336 (5th Cir. 1993). Those are (1) the court must have competent jurisdiction, (2) the grant of the continuance must be in open court, (3) the defendant and/or his attorney must be present, (4) the movant must demonstrate good cause in open court, and (5) the length of the continuance must be reasonable or necessary. *Id.*; *See also* CS § 8-405(a). As noted, the State carries the burden for each of those five requirements.

Plainly, the continuance in this case did not occur in "open court." In *Dillon v. State*, 844 S.W.2d 139 (Tenn. 1992), the Supreme Court of Tennessee described what "open court" means in the context of the IAD, as follows:

> "Open court" requires, at a minimum, that a verbatim record be made of the proceedings. The State has an affirmative duty to abide by the statutory requirements and make a record on the question whether a continuance has been granted for good cause. Although we decide the present issue based on lack of notice to Defendant, because there is no transcript of the in-chambers

9

discussion, we would in any event be unable to properly exercise our appellate duty to review whether the State met its burden of showing good cause for a continuance.

*Id.* at 142 (footnote and citations omitted).[9],[10]

In this case, the State failed to shoulder its burden under the IAD when it chose to permit an in-chambers scheduling conference rather than conduct that proceeding on the record in open court. While an informal chambers conference may be acceptable for routine trial calendaring, in this case the specific statutory requirements of CS § 8-405 provides that trial shall be scheduled within 180 days after the prisoner is delivered to the prosecutor's jurisdiction unless "provided that for good cause shown in open court, the prisoner or the prisoner's counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." In this case, the trial judge's written

---

[9] Maryland Rule 16-503 requires that "[a]ll trials, hearings, testimony, and other judicial proceedings before a circuit court judge held either in a courtroom or by remote electronic means shall be recorded verbatim in their entirety by a person authorized by the court to do so[.]"

[10] While the parties do not mention it, we believe it necessary to distinguish this case from *U.S. v. Odom*, in which the Fourth Circuit stated, "[w]e reject the formalistic notion that the phrase 'in open court' should be interpreted to mean only in a courtroom." 674 F. 2d 228, 231 (4th Cir. 1982).

In *Odom*, there was a chamber's conference during which Odom's attorney requested a continuance to allow for the completion of Odom's psychiatric evaluations. *Id.* at 229. The record indicated that the court approved this request with the consent of both counsel. *Id.* A motion signed by the government's attorney recited that both counsel had requested a continuance and the reasons for the request. *Id.* It was clear from that motion that defense counsel needed additional time to prepare. Also, the court found that there had been a waiver by the defendant because he continued to negotiate a plea agreement after learning about the delay beyond the 180-day window. *Id.* at 230. None of these formal requests are present in the record of the instant case. Instead, there is a blanket recitation of good cause shown, without any evidence as to what might have constituted the good cause. There is also nothing in the record to indicate a waiver by defense counsel.

10

order stated there was good cause, but there is no record of what that good cause was. There was no proceeding to set forth the basis for good cause in open court.

We are completely unpersuaded by the State's post-hoc and ad-hoc effort on appeal to re-create the record of the chambers scheduling conference by referencing what it terms "an uncontradicted account of what occurred [during] the schedule[ing] hearing" sourced from its opposition to appellant's motion to dismiss. As a result, we are likewise unpersuaded that appellant's supposed waiver of his IAD rights obviated the need to find good cause during proceedings conducted in open court. This case is not like the situation in *Hill* where the proceedings took place in open court and, in response to the trial court's question, "how is [the new trial date] with the defense counsel," defense counsel expressly agreed to the new trial date by saying "[t]hat will be fine, Your Honor." 528 U.S. at 112–13. Under those circumstances, the defendant waived any complaints about the 180-day IAD deadline.

*Meadows* makes clear that it is incumbent on the State to make sure that there is adherence to the statute. 261 Md. App. at 489. To that end, if there had been an in-chambers discussion as to why a trial date within the 180-day window was unworkable, it was the responsibility of the State to request to go on record to set forth that basis.

Although the case deals with motions for new trial, *Isley v. State*, 129 Md. App. 611, 671 (2000), is instructive. In that case, Judge Charles E. Moylan, Jr. noted that there must first be an exercise of discretion before there can be an analysis of an abuse of discretion. *Id.* In this case we have no record as to why the court found cause to go beyond the 180-day window. It was incumbent on the State to make sure that there was a record.

11

Defense counsel had no obligation to save the other parties from themselves. *Meadows*, 261 Md. App. at 489.

Because the State failed to comply with the IAD's procedural requirements, its subsequent failure to bring appellant to trial on or by October 15, 2024, violated the express terms of the IAD and dismissal of the charges against him with prejudice is mandated under CS § 8-407(c). Accordingly, we must reverse the judgment of the circuit court and remand the case to it with instructions to dismiss the charges against appellant in this case with prejudice.

**JUDGMENT OF THE CIRCUIT COURT FOR WASHINGTON COUNTY REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY WASHINGTON COUNTY.**